UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNIE LYNNE CHRISTIAN,

    Plaintiff,

v.

FORD MOTOR COMPANY and
IUAW NATIONAL FORD DEPARTMENT,

    Defendants.

Case No. 4:21-cv-12321
District Judge Shalina D. Kumar
Magistrate Judge Kimberly G. Altman

_____/

**REPORT AND RECOMMENDATION TO
DISMISS THE CASE FOR FAILURE TO PROSECUTE
AND
DENY PLAINTIFF'S MOTION (ECF No. 20) AS MOOT**

I.    Introduction

This is an employment discrimination case. Plaintiff Connie Lynn Christian (Christian), proceeding *pro se*, is suing defendants Ford Motor Company (Ford) and IUAW National Ford Department (the Union) claiming discrimination and retaliation arising out of her termination. Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 16). On July 6, 2022, the Court issued an Order to Show Cause why this matter should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) and E. D. Mich. LR 41.2. (ECF No. 19). Christian was ordered to respond by August 5, 2022, and

1

on that date she filed a paper styled "Motion to Remove Defendant and Request a Reprieve Date." (ECF No. 20). For the reasons that follow, the undersigned RECOMMENDS that this matter be DISMISSED WITHOUT PREJUDICE for failure to prosecute, and that Christian's motion, (ECF No. 20), be DENIED AS MOOT.

## II. Background

Plaintiff filed a complaint on September 30, 2021. Since that time, Christian has taken virtually no action to move her case forward. Following the issuances of summons for Defendants, on February 14, 2022, the District Court entered a Stipulated Order to Extend Time for Ford Motor Company to Respond to Plaintiff's Complaint (Order). (ECF No. 13). The Order was premised on Christian's assertion to Ford that she intended to file an Amended Complaint. The Order therefore extended the time for Ford to file a response until the Amended Complaint is filed. The Order did not specify a deadline for Christian to file an Amended Complaint and to date, no Amended Complaint has been filed. Further, since the Order was entered, counsel for the Union have filed appearances. (ECF Nos. 14, 15).

In light of the above, Christian was ordered to file an Amended Complaint by June 27, 2022, and the time was extended for Defendants to file responses to the amended complaint. (ECF No. 17). That date has since passed and, to date,

Christian has not filed an Amended Complaint. On July 6, 2022, the undersigned issued an Order to Show Cause, which states in relevant part:

> This order to show cause represents the Court's warning that further noncompliance with court orders could lead to the dismissal of this action for failure to prosecute. Christian shall respond to this show cause order in writing by **Friday, August 5, 2022**. Her response must include the Amended Complaint or a statement that she intends to proceed on the original Complaint filed in this case on September 30, 2021. If an adequate response is not filed by the deadline set forth above, the undersigned may issue a Report and Recommendation recommending dismissal of the case for failure to prosecute.

(ECF No. 19, PageID.58) (emphasis in original).

In Christian's pending motion, which the undersigned treats as a response to the Order to Show Cause, Christian requests that the Union be released from this matter and that she be granted a reprieve from prosecuting her claims against Ford, requesting at least three months of the date of her filing. (ECF No. 20).[1]

### III. Analysis

"It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to

---

[1] Although a response was not required, the Union filed a response, stating it has no objection to being released from the case. (ECF No. 21). Ford did not file a response.

prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008).  Additionally, under Local Rule 41.2, "when . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown."  E. D. Mich. LR 41.2.  However, before *sua sponte* dismissing a lawsuit for failure to prosecute, a court typically must warn a party that "further noncompliance would result in dismissal."  *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005).

    Here, in the Order to Show Cause, Christian was specifically cautioned that that further noncompliance with court orders could lead to the dismissal of this action for failure to prosecute.  Although Christian responded to the show cause, she did not include an Amended Complaint against Ford nor did she state an intention to proceed on the original complaint.

    Further, Christian's request for an additional three months to make any sort of filing in this matter, including the Amended Complaint that she agreed to file in the stipulated order issued February 14, 2022, (ECF No. 13), is unreasonable.  It is a plaintiff's responsibility to move toward the expeditious resolution of litigation at a reasonable pace.  *Zanke-Jodway v. Cap. Consultants, Inc.*, No. 1:08-CV-930, 2010 WL 776743, at *7 (W.D. Mich. Mar. 3, 2010).  Christian has

alleged that her pain, her physical therapy in preparation for surgery, and her post-traumatic stress disorder have rendered her unable to prosecute this matter. (ECF No. 20, PageID.62). But as the court stated in *Zanke-Jodway* under similar circumstances, "plaintiffs here filed a response which certainly inspires personal sympathy, but which does not show good cause for the repeated and longstanding failure to prosecute their case against most of the moving defendants." *Id*. at *4. As in that matter, Christian's allegations here do little to excuse the neglect of her case for "many months." *See id*. at *5. Christian does not, for instance, "allege or provide evidence that she was hospitalized or incapacitated" between February 2022 and now. She has not provided good cause for her inaction in the face of the Court's Order for over six months, and did not comply with the Order to Show Cause by including an Amended Complaint or stating an intent to proceed on the original complaint.

Christian also dedicates part of her response to an argument of the merits of her case. However, as the Court put it in *Zanke-Jodway*, she "fails to show how these substantive arguments are relevant to the good-cause / lack-of-prosecution determination." *Id*. at *6.

The undersigned is not unsympathetic to Christian's stated plight. However, Ford cannot be expected to continue to monitor the case against it *ad infinitum*.

5

*See Jensen Auto, Inc. v. Four Seasons Italy, S.P.A.*, No. 11-13438, 2014 WL 12738275, at *2 (E.D. Mich. Aug. 15, 2014).

IV.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, and that Christian's motion, (ECF No. 20), be DENIED AS MOOT.

Dated: September 1, 2022                s/Kimberly G. Altman
Detroit, Michigan                       KIMBERLY G. ALTMAN
                                        United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 1, 2022.

s/Carolyn M. Ciesla  
CAROLYN M. CIESLA  
Case Manager
